REQUESTED BY: Dear Senator:
You have inquired whether having a district judge sit as a member of the Jail Standards Board proposed by LB 212 would subject the provisions of that act to constitutional attack on grounds of denying a person equal protection or due process of law. First, those legal actions which have either closed or threatened to close existing criminal detention facilities were primarily based upon grounds that confinement in such a facility amounted to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States. A similar prohibition against cruel and unusual punishment appears at Article I, Section 9, of the Constitution of the State of Nebraska. Therefore, we see no basis to assume that the conflict of interest you perceive in this statute would give rise to litigation similar to that which has recently either closed or threatened to close existing criminal detention facilities.
You have also asked if it is permissible for members of the Jail Standards Board proposed by LB 212 to receive compensation in the form of reimbursement for expenses while serving upon said board. Section 1, page 3, lines 12 through 15, of LB 212 states:
 "The members of the board shall serve without compensation, but they shall be reimbursed for their actual expenses while engaged in the performance of their official duties."
We are aware of no restrictions in the Nebraska Constitution which would prohibit the reimbursement of actual expenses for members of the proposed board.